786 So.2d 277 (2001)
Loretta POWELL, Plaintiff-Appellant,
v.
Leonel Michael FUENTES, et al, Defendant-Appellees.
No. 34,666-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2001.
*278 Gravel, Cespiva & Wilkerson by Charles G. Gravel, Alexandria, Counsel for Appellant.
Bolen & Erwin Ltd. by L. Lyle Parker, Alexandria, Simmons & Derr, L.L.P. by Kermit M. Simmons, Winnfield, Counsel for Appellees.
Before GASKINS, CARAWAY and DREW, JJ.
GASKINS, J.
The plaintiff, Loretta Powell, appeals a grant of summary judgment in favor of WGH, Inc., d/b/a Winn Parish Medical Center (WPMC). The decision was based upon a determination that the hospital was not liable for the actions of the emergency *279 room physician, Leonel Michael Fuentes, because he was an independent contractor. For the following reasons, we reverse and remand for further proceedings.

FACTS
On April 25, 1992, Ms. Powell injured her foot while mowing her lawn. A foreign object became embedded in the top of her right foot. She was treated at the WPMC emergency room by Dr. Fuentes. The wound was cleaned, flushed, and then sutured. Although Ms. Powell felt that she had a foreign object embedded in the wound, Dr. Fuentes did not order an xray. The plaintiffs foot became infected due to the foreign object. The object was later removed and the plaintiff was hospitalized for eight days.
Ms. Powell convened a medical review panel which concluded that the evidence did not establish a breach of the standard of care by an employee of WPMC. The medical review panel found that Dr. Fuentes was an independent contractor who is not enrolled in the Patient's Compensation Fund. Therefore, his treatment of the plaintiff was not considered by the panel.
The plaintiff then filed suit against Dr. Fuentes and WPMC, alleging that the doctor was negligent in failing to remove the foreign object. The plaintiff also essentially urged that the hospital was liable for the alleged negligence of Dr. Fuentes, contending that he was "not only acting in his individual capacity as a physician, but also as an agent, independent contractor, servant and/or employee of the hospital."
WPMC answered the petition and then filed a motion for summary judgment claiming that Dr. Fuentes was an independent contractor and not an employee of the hospital. Therefore, WPMC urged, it was not vicariously liable for Dr. Fuentes' alleged negligence in treating Ms. Powell. Attached to the motion for summary judgment was an affidavit by the risk manager of WPMC, stating that Dr. Fuentes was an independent contractor and not a hospital employee. Accompanying the affidavit was a copy of the contract between WPMC and Southern Emergency Physicians (SEP), the entity that allegedly employed Dr. Fuentes. A copy of the opinion of the medical review panel was also included. On June 10, 1996, the trial court granted the motion for summary judgment. The plaintiff appealed that decision to this court.
On April 2, 1997, in an unpublished opinion, this court reversed the grant of summary judgment and remanded the case to the trial court for further proceedings. We found that the contract between the hospital and SEP, as well as the opinion of the medical review panel, were not sworn or certified as required by La. C.C.P. art. 967. We also noted that there was no evidence of Dr. Fuentes' affiliation with SEP. We found that the distinction between employee and independent contractor status is a factual determination that must be decided on a case-by-case basis, taking into consideration the total economic relationship between the parties and the various factors weighing either in favor of or against an employer-employee relationship. We further noted that the most important element to be considered is the right of control and supervision over an individual. This court did not address the question of whether additional documents, properly filed and admitted, might resolve all genuine issues of material fact regarding the relationship between the parties.
On February 4, 1998, the present motion for summary judgment was filed by the WPMC. Attached thereto was a sworn copy of the medical review panel opinion, the contract between the hospital and SEP, and an affidavit by Dr. Fuentes stating *280 that he was not an employee of the hospital, but rather, was employed by SEP. WPMC argued that Dr. Fuentes was an emergency room physician, employed by a company with which the hospital had contracted to provide emergency room services. The hospital contended that it retained no right to control how the company's physicians performed their duty of providing medical care. In opposition to the motion for summary judgment, the plaintiff filed a copy of the hospital bylaws which, according to the contract between SEP and WPMC, are applicable to emergency room doctors. The plaintiff claims that these bylaws exert a large amount of control over the emergency room doctors, making the hospital liable for their actions.
On August 15, 2000, the trial court found that, based upon additional documentation presented, all issues of material fact regarding the relationship between the parties were resolved, and summary judgment in favor of the hospital was granted. The plaintiff again appealed.
On appeal, the plaintiff argues that the trial court erred in granting summary judgment in favor of WPMC. She contends that Dr. Fuentes was an agent, independent contractor, servant and/or employee of the hospital. She also asserts that the hospital and Dr. Fuentes were agents, servants, employees, assistants, or consultants of each other. The plaintiff urges that the contract between SEP and WPMC provides that the professional conduct of the physicians supplied by the company shall be governed by the hospital's medical staff bylaws. In her brief, the plaintiff quotes extensively from the bylaws, which she argues exercise "an enormous amount of control over physicians. The bylaws include the right to terminate, payroll, disciplinary action, overall direction of the emergency services and assuring that the quality, safety and appropriateness of emergency patient care is monitored and evaluated and that appropriate action based on findings is taken." Therefore, she contends that the hospital had the right of control over the emergency room doctors and was liable for the actions of those physicians.

SUMMARY JUDGMENT
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If the court finds that a genuine issue of material fact indeed exists, summary judgment must be denied. Stroder v. Horowitz, 34,048 (La.App.2d Cir.12/20/00), 775 So.2d 1175. The party seeking summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact. A fact is material if its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Campbell v. Hospital Service District No. 1, Caldwell Parish, 33,874 (La. App.2d Cir.10/4/00), 768 So.2d 803, writ denied, XXXX-XXXX (La.1/12/01), 781 So.2d 558.
Recent amendments to La. C.C.P. art. 966 were intended to bring Louisiana summary judgment procedure more closely in line with the Federal standard and abrogate judicial antipathy toward the motion. These enacted changes have leveled the playing field for the litigants; documentation submitted by the parties will now be scrutinized equally and the earlier overriding presumption in favor of trial on the merits has been removed. In fact, summary judgment procedure is now favored to secure the just, speedy, and inexpensive determinations of all except certain disallowed *281 actions. La. C.C.P. art. 966 A(2); Campbell v. Hospital Service District No. 1, Caldwell Parish, supra, and cases cited therein.
Appellate courts are to conduct a de novo review of the documentation supporting and opposing summary judgment under the same criteria which govern the trial court's determination of whether summary judgment is appropriate. Stroder v. Horowitz, supra.
A hospital is responsible for the negligence of its employees under the doctrine of respondeat superior. Under this theory, the standard of care and burden of proof involved is the same as for the physician whose activities are questioned. Campbell v. Hospital Service District No. 1, Caldwell Parish, supra. To prevail in a medical malpractice action against a physician, the plaintiff must establish that the doctor's treatment fell below the ordinary standard of care expected of physicians in his medical speciality, and also that a causal relationship existed between the alleged negligent treatment and the injury sustained. La. R.S. 9:2794; Stroder v. Horowitz, supra, Campbell v. Hospital Service District No. 1, Caldwell Parish, supra.

HOSPITAL'S VICARIOUS LIABILITY FOR DR. FUENTES
The WPMC argues that it is not responsible for the actions of Dr. Fuentes because he was an independent contractor employed not by the hospital, but by SEP. The hospital further argues that it retained no right to control the doctors' activities in the emergency room. A similar factual situation was presented to this court in Campbell v. Hospital Service District No. 1, Caldwell Parish, supra. In that case, the plaintiff argued that a hospital was liable under the theory of respondeat superior for the actions of the emergency room doctor who was allegedly negligent. The hospital responded that the emergency room doctor was an independent contractor, employed by a company that contracted to supply emergency room doctors to the hospital. In reversing the trial court's grant of summary judgment in favor of the hospital, this court considered the law on the issues presented:
Generally, employers are answerable for the damage occasioned by their servants and overseers in the exercise of the functions in which they are employed. La.C.C. art. 2320. In contrast, a principal generally is not liable for the negligence of an independent contractor while performing his contractual duties. Ledent v. Guaranty National Ins. Co., 31,346 (La.App.2d Cir.12/28/98), 723 So.2d 531; Thomas v. Albertsons, Inc., 28,950 (La.App.2d Cir.12/11/96), 685 So.2d 1134, writ denied, 97-0391 (La.3/27/97), 692 So.2d 395. Two exceptions to this general rule exist: (1) where the work is ultra hazardous; and (2) if the principal reserves the right to supervise or control the work of the independent contractor. Thomas, supra.

Of primary concern is whether the principal retained the right to control the work. The important question is whether, from the nature of the relationship, the right to do so exists, not whether supervision and control was actually exercised. Hickman v. Southern Pacific Transport Co., 262 La. 102, 262 So.2d 385 (1972); Roberts v. State, Through La. Health, etc., 404 So.2d 1221 (La. 1981); Smith v. Crown Zellerbach, 486 So.2d 798 (La.App. 3d Cir.[1986]), writ denied, 489 So.2d 246 (1986). The distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis. Ledent, supra; Fontenot v. J.K. *282 Richard Trucking, 97-220 (La.App. 3 Cir. 6/4/97); 696 So.2d 176, 180.
The existence of an independent contractor agreement is not necessarily dispositive of the issue of whether a doctor is an independent contractor, as opposed to an employee of a hospital, and courts will inquire as to the real nature of the relationship and the degree of control exercised or ability of control by the hospital over the doctor's activities. Prater v. Porter, 98-1481 (La.App. 3d Cir.1999), 737 So.2d 102; Suhor v. Medina, 421 So.2d 271 (La.App. 4th Cir. 1982). Whether an emergency room physician is an employee or an independent contractor is a factual issue turning on the control exercised by the hospital over his activities. Hastings v. Baton Rouge Gen. Hosp., 498 So.2d 713 (La. 1986); Suhor, supra. In fact, "[a] hospital's duty and corresponding liability for breach of that duty is in direct proportion to its right to control the medical treatment rendered there." Sibley v. Board of Supervisors of Louisiana State University, 490 So.2d 307, 314 (La.App. 1st Cir.1986).
In support if its independent contractor argument in the motion for summary judgment, the hospital, WPMC, filed a copy of its agreement with SEP. In opposition to the motion for summary judgment, the plaintiff filed a copy of the hospital bylaws. These documents contain many of the same provisions discussed in Campbell. Although stating that the emergency room doctors are independent contractors, the agreement provides that each physician made available by SEP shall apply for medical staff privileges at WPMC in accordance with the hospital bylaws. SEP is to supply to the hospital with credentials and other pertinent information regarding any new physician that it contemplates will be assigned to the hospital in advance of the assignment to allow the hospital to independently investigate and verify qualifications and references for the proposed new physician. The agreement covers patient care to be rendered and specifies that services shall be made available to all patients who present themselves in the emergency department for treatment, provided those patients desire treatment by the doctors supplied by SEP. After treatment, the patients are to be discharged and referred to other physicians for follow-up care or admitted under the care of another physician on the hospital medical staff other than the emergency room physician.
The agreement sets forth that the hospital will furnish all supplies, equipment, facilities and services required in the operation of the emergency department. Further, the hospital agreed to supply all nonphysician technical and clerical personnel deemed necessary for operation of the emergency department. The hospital assumed responsibility for maintaining medical records and for billing patients. The agreement covers the amount to be paid to the emergency room physicians in exchange for providing emergency services.
In the same paragraph of the agreement which states that SEP is an independent contractor, it also specifies that the professional conduct of physicians supplied by SEP shall be governed by the hospital's medical staff bylaws. Upon request of the hospital, SEP is to transfer any physician who the hospital determines is not adequately carrying out the responsibilities provided for in the agreement.
Some of the responsibilities set forth in the agreement include assisting other staff members in preparing clinical reports for publication, "using their best efforts to elevate the standing of the Hospital's Medical Staff in the field of medical science, serve on committees as constituted by Medical Staff By-Laws, be available for all surgical *283 and medical consultations as needed, and participate in scientific programs conducted as functions of the medical staff, and assist in the training of Hospital personnel."
The agreement provides that, to the extent required by the bylaws and regulations governing the operation of hospitals, WPMC retains professional and administrative responsibility for the services provided under the agreement.
The hospital "Bylaws and Rules and Regulations" set forth that the emergency room doctors are members of the special medical staff and are to conform to the "Bylaws and Rules and Regulations of the medical staff and governing body and the current hospital policies as written and amended from time-to-time." The bylaws also provide a procedure for taking disciplinary action against staff members.
One section of the bylaws deals exclusively with emergency services. These services are to be delivered under the direction of the medical staff physician director who is to formulate policies and procedures for the service. According to the bylaws, an emergency physician is required to be in-house 24 hours per day.
The bylaws provide for written policies and procedures specifying the scope and conduct of patient care to be provided in the emergency room. Procedures for admitting patients to the hospital are outlined and the emergency physicians are required to make comprehensive admitting notes. The bylaws require that an appropriate emergency medical record be prepared for all patients receiving emergency services, to be completed within 30 days of the rendition of service and to be signed by the physician in attendance.
These documents demonstrate that Dr. Fuentes was bound by WPMC rules which controlled the activities of an emergency room physician. Dr. Fuentes was not a party to the contract between WPMC and SEP and his agreement with SEP was not presented to the court. The only documentation as to his employment status was his own self-serving affidavit. As stated in Suhor v. Medina, supra, "the hospital's and physician's self-serving designation of `independent contractor' is a transparent shield designed solely to circumvent the law." As this court stated in Stroder v. Horowitz, supra, the existence of an independent contractor agreement is not necessarily dispositive of the issue of whether a doctor is an independent contractor, as opposed to an employee of a hospital, and courts will inquire as to the real nature of the relationship and the degree of control exercised or ability of control by the hospital over the doctor's activities. As previously stated, this is a factual inquiry to be made on a case-bycase basis.[1]
The WPMC urges that the cases of Badeaux v. East Jefferson General Hospital, 364 So.2d 1348 (La.App. 4th Cir.1978), and Royer v. St. Paul Fire and Marine Insurance Company, 502 So.2d 232 (La.App. 3d Cir.1987), writ denied, 503 So.2d 496 (La. 1987), are very similar to the present fact situation and support the argument that the hospital is not liable for the alleged torts of an emergency room doctor who is an independent contractor. We find that these cases are distinguishable from the *284 present one. In Badeaux, a contract between a company supplying emergency room doctors and a hospital was examined. A grant of summary judgment in favor of the hospital was affirmed where there was no provision in the contract for control or supervision by the hospital over the emergency room physicians. Most notably, the plaintiff filed no countervailing affidavits or documents. In the present case, Ms. Powell filed a countervailing document, the hospital bylaws and rules and regulations, which, combined with the agreement between WPMC and SEP, raises a genuine issue of material fact as to the right of control of the hospital over the emergency room doctors. This is the same distinction drawn by the Fourth Circuit in Suhor v. Medina, supra, in which summary judgment was found to be inappropriate where countervailing documents were filed showing that the hospital exercised a right of control over the activities of emergency room physicians.
The facts of Royer v. St. Paul Fire and Marine Insurance Company, supra, are not analogous to the present case. In Royer, following a trial on the merits, a directed verdict was entered, finding that a hospital was not liable for the actions of a radiologist whose clinic had a contract to provide services for a hospital. Unlike the present case, the clinic provided much of its own equipment, billed its own patients and employed its own non-physician support staff. The clinic's staff was not subject to control by the hospital. Further, this factual determination was made after a presentation of evidence at trial, and not on a motion for summary judgment. Therefore, the cases cited by the WPMC do not support the trial court's grant of summary judgment in favor of the hospital in this case.
We find that a genuine issue of material fact exists as to whether WPMC controlled or had the right to control the manner and method in which Dr. Fuentes rendered his services. Based upon this record, WPMC is not entitled to summary judgment. The trial court erred in finding otherwise.

CONCLUSION
For the reasons stated above, we reverse the trial court ruling granting summary judgment in favor of the defendant, WGH, Inc., d/b/a Winn Parish Medical Center. The matter is remanded to the trial court for further proceedings. Costs in this court are assessed to Winn Parish Medical Center.
REVERSED AND REMANDED.
NOTES
[1] We are cognizant of Tabor v. Doctors Memorial Hospital, 563 So.2d 233 (La.1990), in which the Louisiana Supreme Court found liability on behalf of the corporation which contracted with the hospital to provide emergency room doctors, but did not find the hospital liable. The only factor pointed out by the court was that the corporation decided which physician would come on duty. However, this determination was made after a trial on the merits and not on a motion for summary judgment.