| í THOMAS F. DALEY, Judge.
The plaintiffs have appealed the trial court’s grant of summary judgment in favor of the defendants in this medical malpractice case. For the reasons that follow, we affirm in part and reverse in part.

FACTS:

Plaintiff, Arvin Shah, presented to the emergency room of East Jefferson General Hospital (East Jefferson) on November 30, 1997 after falling off of a ladder. He was examined by the defendant, Dr. Richard Deno. Dr. Deno noted that Mr. Shah complained of pain in his left hip and an x-ray of the left hip was ordered. The x-ray was performed and interpreted by Dr. Richard Tupler. Dr. Deno was informed that the x-ray did not show a fracture and Mr. Shah was discharged from the hospital with a diagnosis of thigh sprain and contusion of the left hip. Over the next two *599 weeks, Mr. Shah continued to experience pain in his left hip. He was examined by Dr. Keith Larkin on December 17, 1997 who performed another x-ray of Mr. Shah’s left hip and diagnosed Mr. Shah as having a | ¡.left femoral hip fracture. Mr. Shah was admitted to the hospital and taken to surgery where the fracture was pinned.
Mr. and Mrs. Shah filed suit against Drs. Deno and Tupler as well as the hospital. Dr. Deno and the hospital filed motions for summary judgment. Two separate hearings were held on the respective motions for summary judgment. The trial judge took both motions under advisement. On March 28, 2002, the trial court rendered judgment granting Dr. Deno’s Motion for Summary Judgment finding that the medical review panel found that Dr. Deno did not deviate from the applicable standard of care and that plaintiffs failed to present any expert testimony to establish that Dr. Deno breached the standard of care. On March 28, 2002, the trial court rendered judgment granting East Jefferson’s Motion for Summary Judgment finding that there are no genuine issues of material fact in dispute and the plaintiffs failed to produce factual support or an expert to show a breach of the standard of care on the part of East Jefferson [1]. It is from these judgments that plaintiffs have appealed.

LAW AND DISCUSSION:

On appeal, plaintiffs argue that the trial court erred in finding that they did not present sufficient expert testimony to defeat defendants’ motions for summary judgment. Specifically, plaintiffs point to the deposition testimony of Dr. Deno and Dr. Larkin that was submitted with their opposition. Both of these physicians testified that the fracture was visible on the East Jefferson x-rays. Plaintiffs also point to their submission of an affidavit from an expert neuroradiologist stating |sthat the fracture was visible on the East Jefferson x-rays and that the fracture “should have been diagnosed by East Jefferson Hospital.”
Louisiana Code of Civil Procedure Article 966 explains that summary judgment procedure is “designed to secure the just, speedy, and inexpensive determination of actions.” It is favored and shall be construed to accomplish these ends. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. The article further provides that if movant will not bear the burden of proof at trial, movant’s burden does not require him to negate all essential elements of the adverse party’s claim. Rather, he need only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Finally, the statute provides that if the adverse party fails to produce factual support to show that he will be able to satisfy his burden of proof at trial, there is no genuine issue of material fact.
It is well settled that appellate courts review summary judgments de novo, using the same criteria applied by the trial court to determine whether summary judgment *600 is appropriate. Fleming v. Hilton Hotels Corp., 99-1996 (La.App. 4 Cir. 7/12/00), 774 So.2d 174. Any decision as to the propriety of a grant of the motion must be made with reference to the substantive law applicable to the case. Johnson v. Hernandez, 01-575 (La.App. 5 Cir. 10/30/01), 800 So.2d 1055.
Pursuant to LSA R.S. 9:2794, in order to prevail at trial plaintiffs must prove the applicable standard of care, a breach of that standard, and causation of injuries due to the breach. To defeat defendants’ Motions for Summary Judgment, plaintiffs must come forward with sufficient evidence to show they can meet their burden of proof at trial.
|4In his Motion for Summary Judgment, Dr. Deno attached the medical review panel opinion, the emergency room records, plaintiffs’ answers to interrogatories stating that they do not have an expert, and Dr. Larkin’s deposition. The medical review panel opinion states that the evidence does not support the conclusion that Dr. Deno failed to meet the applicable standard of care because Mr. Shah did not have the classic presentation of a hip fracture, the appropriate x-rays were ordered and read by a radiologist as being negative for fracture, Mr. Shah was discharged with appropriate instructions, and Dr. Deno’s judgment to defer to the radiologist was reasonable. The emergency room records indicate that Mr. Shah complained of left hip tenderness with full range of motion and that an x-ray was performed that was read as negative. Dr. Larkin testified that Mr. Shah presented to his office on December 17, 1997 and he diagnosed a femoral hip fracture. He admitted Mr. Shah to the hospital where Mr. Shah was taken to surgery and three pins were placed in his hip. Dr. Larkin noted that the fracture was more clearly visible on the x-ray films taken at East Jefferson on November 30, 1997 than it was on the x-ray films taken on December 17, 1997. However, Dr. Lar-kin testified that Mr. Shah’s course of treatment would have been the same whether the fracture was diagnosed on November 30th or December 17th.
In opposition to Dr. Deno’s Motion for Summary Judgment, plaintiffs attached the deposition testimony of Dr. Deno. Dr. Deno testified that in November 1997, the protocol for taking and reading x-rays for a patient in the emergency room was for the patient to go to the radiology department for the x-ray to be taken. If there was a radiologist in the hospital, the radiologist read the x-ray. The x-ray was then sent to the emergency department in a jacket with the reading on the front of the jacket. In Mr. Shah’s case, there was a radiologist in the hospital who read the x-ray and the x-ray film was returned to the emergency room in a jacket with the reading attached to the front of the jacket. The reading on Mr. LShah’s x-ray jacket said “negative”. Dr. Deno testified that he probably did not view the x-ray himself. In the deposition, Dr. Deno was asked to view the x-ray. He testified that the fracture of the femoral neck was visible on the x-ray taken at East Jefferson.
On appeal, plaintiffs argue that the trial judge erred in granting Dr. Deno’s Motion for Summary Judgment when he presented testimony from three experts, (Drs. Deno, Larkin, and Armington) stating that the fracture was visible on the East Jefferson x-rays. Pursuant to LSA R.S. 9:2794, in order to prevail at trial plaintiffs must prove the applicable standard of care, a breach of that standard, and causation of injuries due to the breach. Dr. Deno presented the medical review panel opinion to support his position that he did not breach the standard of care. The medical review panel concluded that Dr. Deno ordered appropriate x-rays that *601 were read by a radiologist as being negative for a fracture. The panel further found that Dr. Deno’s judgment to defer to the radiologist was reasonable. In order for plaintiffs to Dr. Deno’s Motion for Summary Judgment, plaintiffs had to produce factual support sufficient to establish they will be able to satisfy their evidentia-ry burden of proof at trial, i.e. that Dr. Deno breached the standard of care. Plaintiffs have presented testimony that the fracture was visible on the East Jefferson x-ray but they have not presented any evidence that the failure of Dr. Deno to identify the fracture was a breach of the standard of care. Plaintiffs presented no evidence to show that Dr. Deno breached the standard of care by not reviewing the x-ray film himself after Dr. Tupler reviewed the film. For this reason, the summary judgment granted in favor of Dr. Deno is affirmed.
In support of its Motion for Summary Judgment, East Jefferson submitted the medical review panel opinion that stated that there was nothing presented to the panel to indicate that the hospital or its employees deviated from the standard of care. The hospital also attached the contract between the hospital and Delta | (¡Radiology, Ltd. to support its position that Dr. Tupler was not an employee of the hospital. Plaintiffs’ responses to the hospital’s interrogatories wherein plaintiffs stated that they had no experts to testify were also attached to the motion.
In opposition to the hospital’s Motion for Summary Judgment, plaintiffs submitted the deposition testimony of Dr. Larkin. Dr. Larkin’s deposition testimony is as discussed above. The contract for radiology services between the hospital and Delta Radiology, Ltd. was attached to support plaintiffs’ contention that Dr. Tupler was employed by the hospital. Plaintiffs also attached an affidavit from William Arming-ton, a neuroradiologist, who attested that he reviewed the x-rays taken of Mr. Shah’s hip at East Jefferson on November 80, 1997 and that these x-rays “clearly show a non-displaced fracture of the left hip that should have been diagnosed by East Jefferson General Hospital.”
There is no indication in the record that the trial court considered the issue of whether Dr. Tupler is an employee of the hospital. The record indicates that the negligence of Dr. Tupler has not been established. If Dr. Tupler is found to be negligent whether or not East Jefferson is liable for his negligence depends on whether Dr. Tupler is found to be an employee of the hospital. Thus, the issue of whether Dr. Tupler was an employee of East Jefferson is a material issue of fact.
At the time of this incident, Dr. Tupler was working at East Jefferson as per a contract between the hospital and Delta Radiology, Ltd. The relationship between Dr. Tupler and Delta Radiology, Ltd. is not clear. The contract purports to establish an independent contractor relationship between the radiologists and the hospital. An independent contractor agreement is not dispositive of the issue of whether a doctor is an independent contractor or an employee of the hospital. Powell v. Fuentes, 34,666 (La.App. 2 Cir. 5/9/01), 786 So.2d 277. In deciding this issue, the courts look to the degree of control exercised over the doctor’s activities. Id. Whether an employee/employer relationship or an independent 17contractor relationship exists is a factual determination to be decided on a case-by-case basis. Id.
The contract between East Jefferson and Delta Radiology, Ltd. reflects that Dr. Tupler was required to comply with the policies and procedures of East Jefferson and that East Jefferson provided all equipment and ancillary personnel to the radiologists working at East Jefferson. The *602 group could not provide radiology services to any other hospital and the hospital collected fees for all technical and professional services rendered by the radiologists.
The contract alone is not clear as to the real relationship between Dr. Tupler and East Jefferson and the degree of control the hospital exercised over Dr. Tupler. Thus, we find the trial court erred in granting summary judgment in favor of East Jefferson because there is an issue of fact as to whether or not Dr. Tupler was an employee of the hospital.
Additionally, once the negligence of Dr. Tupler is determined and the nature of the relationship between Dr. Tupler and East Jefferson is established, there is an issue of fact as to what damages, if any, Mr. Shah suffered as a result of the delay in diagnosing the fracture.
For the foregoing reasons, the summary judgment granted in favor of Dr. Deno is affirmed. The summary judgment granted in favor of Dr. Tupler is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.

AFFIRMED IN PART AND REVERSED IN PART.

. Due to a clerical error, plaintiffs’ attorney did not receive notice that the judgments were rendered. Plaintiffs filed a Motion for New Trial explaining that plaintiffs’ attorney did not receive the judgments until October 17 and 18, 2002. This is supported by the record. The trial judge allowed plaintiffs to file motions for new trial but denied these motions following a hearing. Plaintiffs timely filed this appeal following the denial of their motions for new trial.