877 So.2d 211 (2004)
Donald C. WRIGHT, et al., Plaintiffs-Applicants,
v.
HCA HEALTH SERVICES OF LOUISIANA, et al., Defendants-Respondents.
No. 38,427-CW.
Court of Appeal of Louisiana, Second Circuit.
June 23, 2004.
*212 Anthony J. Bruscato, Monroe, Catherine Leary, New Orleans, for Donald C. Wright, David M. Wright and Kelly Wright Khaled, Applicants.
Hayes, Harkey, Smith & Cascio, L.L.P., by Harry M. Moffett, IV, Monroe, for Dr. Clinton Guillory, Respondent.
Crawford & Anzelmo, by Donald J. Anzelmo, Monroe, for Dr. John M. Price, Dr. Patrick Jones and Dr. Robert Sarama, Respondents.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, L.L.P., by Joseph S. Woodley, Shreveport, Blue Williams, L.L.P., by Donald C. Douglas, J., Metairie, for HCA Health Services of Louisiana, Inc., Respondent.
Before GASKINS, PEATROSS and LOLLEY, JJ.
GASKINS, J.
In this writ application in a medical malpractice case, the survivors of the decedent patient complain of the trial court granting partial summary judgment in favor of the hospital where the patient died. They also seek review of the trial court's refusal to reopen discovery after the trial was postponed for seven months. We affirm.

FACTS
On October 19, 1994, Dorothy Wright, age 74, was seriously injured in an automobile accident. She was taken to the emergency room of HCA Health Services of Louisiana, Inc., d/b/a North Monroe Hospital ("the hospital"). Treating her were Dr. Clinton Guillory (ER doctor), Dr. Gary Jones (the decedent's family practitioner), Dr. John Price (surgeon) and Dr. Robert Sarama (pulmonologist). She died about three hours after her ER admission as she was being prepared for surgery.
On October 19, 1995, the decedent's husband and children filed a complaint against the hospital with the Patient's Compensation Fund. In April 1997, they added the four doctors to the complaint.[1] In November 1998, the medical review panel (MRP) found that Dr. Guillory failed to meet the *213 applicable standard of care. Specifically, the MRP found that Dr. Guillory failed to recognize that Mrs. Wright was in shock and failed to administer appropriate fluid and blood resuscitation in a timely manner. However, the MRP concluded that this failure was not a factor in the decedent's death because of the extent and severity of her injuries. The panel found that the other three doctors and the hospital met the applicable standard of care. Suit against the hospital and the four doctors was filed on January 14, 1999.
In September 2003, summary judgment was granted in favor of Dr. Jones, dismissing the plaintiffs' claims against him.
Also in September 2003, the hospital filed a motion for summary judgment. It asserted that it was not vicariously liable for the actions of the doctors (including the ER physician, Dr. Guillory) and there was no evidence to support a claim that it was independently negligent. The motion provided service instructions for the plaintiffs through their counsel; no service instructions were given as to the physician defendants. The plaintiffs filed an opposition to the motion. The trial court granted a partial summary judgment in favor of the hospital on all issues except the hospital's possible vicarious liability for the actions of Dr. Guillory.[2] On the issue of Dr. Guillory, the court found that there were genuine issues of material fact. Judgment was signed October 1, 2003.
The trial was scheduled for October 13, 2003. However, due to a death in the family of one of the attorneys, it was rescheduled for May 24, 2004. The plaintiffs filed a motion to reopen discovery to further investigate the issue of the hospital's direct liability. On October 23, 2003, the court denied the motion.
The plaintiffs filed the instant writ application seeking review of the partial summary judgment and the denial of their motion to reopen discovery. In December 2003, the writ application was granted.

SUMMARY JUDGMENT
The plaintiffs assert that since the hospital did not serve its summary judgment motion on the three remaining doctors, and the judgment is thus not binding on them but is binding on the plaintiffs, there is a possibility that at trial the doctors may try to exonerate themselves by presenting hitherto-undisclosed evidence as to negligence of non-physician personnel. Put another way, since summary judgment may not be binding on them, the physicians may be free to raise the very issues that the summary judgment was meant to foreclose.
The plaintiffs argue that granting summary judgment was an abuse of the trial court's discretion for four reasons: (1) the record is full of gaps with little affirmative evidence to support the hospital's position; (2) the granting of a partial summary judgment that is binding on only some litigants places the plaintiffs at a real risk of unfair prejudice; (3) the trial court erred in apparently dividing the hospital's possible negligence into two subsections  negligence of Dr. Guillory and negligence of the hospital staff  which will increase the plaintiffs' burden of proof; and (4) the entry of the partial summary judgment failed to simplify the litigation.
The hospital argues that the plaintiffs are wrong about the ruling not being binding on all parties; it maintains that the *214 court's ruling that non-physician employees did not breach the standard of care is now the law of the case in this matter. Contrary to the plaintiffs' assertion that the partial summary judgment did not simplify the issues, the hospital contends that it eliminates the necessity of evidence on the standard of care provided by the nursing staff.

Law
Appellate courts review summary judgments de novo. Independent Fire Insurance Company v. Sunbeam Corporation, 1999-2181, 1999-2257 (La.2/29/00), 755 So.2d 226. Summary judgment is properly granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B).
A fact is "material" when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success or determine the outcome of the legal dispute. Smeby v. Williams, 37,845 (La.App.2d Cir.12/10/03), 862 So.2d 381.
The mover has the burden of establishing the absence of material fact. If the mover will not bear the burden of proof at trial on the matter, then he is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. La. C.C.P. art. 966(C)(2). Once done, the opponent must produce factual support to avert the summary judgment. Whether a particular fact in dispute is material can be assessed only in light of the substantive law applicable to the case. Smeby v. Williams, supra.
The law of the case doctrine provides that a court's rulings are binding on the court during later stages of the trial. Garner v. Pool Company of Texas, 595 So.2d 751 (La.App. 4th Cir.1992), writ denied, 598 So.2d 358 (La.1992). It does not apply when the issues are not identical, when there is more then a mere doubt as to the correctness of the earlier decision, or when there is intervening case law. Mann v. Brittany Place Associates Ltd., XXXX-XXXX (La.App. 4th Cir.9/13/00), 770 So.2d 25. Law of the case applies against those who were parties to the litigation when the prior decision was rendered and who have had their day in court. Greater New Orleans Car Dealers Association v. Louisiana Tax Commission, 95-308 (La.App. 5th Cir.10/18/95), 663 So.2d 797.
In a medical malpractice case, the plaintiff must establish the standard of care applicable to the health care provider, a violation by the health care provider of that standard of care, and a causal connection between the health care provider's alleged negligence and the plaintiff's injuries resulting therefrom. An expert witness is generally necessary as a matter of law to prove a medical malpractice claim. Williams v. Memorial Medical Center, XXXX-XXXX (La.App. 4th Cir.3/17/04), 870 So.2d 1044. See also Hinson v. Glen Oak Retirement Home, 34,281 (La.App.2d Cir.12/15/00), 774 So.2d 1134.
It is well-settled that a hospital is liable for its employee's negligence, including its doctors and nurses, under the respondeat superior doctrine. Williams v. Memorial Medical Center, supra. Whether an emergency room physician is an employee or an independent contractor is a factual issue turning on the control exercised by the hospital over his activities. Campbell v. Hospital Service District No. 1, Caldwell Parish, 33,874 (La.App.2d Cir.10/4/00), 768 So.2d 803, writ denied, *215 XXXX-XXXX (La.1/12/01), 781 So.2d 558; Powell v. Fuentes, 34,666 (La.App.2d Cir.5/9/01), 786 So.2d 277, writ denied, XXXX-XXXX (La.9/21/01), 797 So.2d 674; Arrington v. Galen-Med, Inc., 2002-987 (La.App. 3d Cir.2/5/03), 838 So.2d 895. See also Suhor v. Medina, 421 So.2d 271 (La.App. 4th Cir.1982); Prater v. Porter, XXXX-XXXX (La.App. 3d Cir.3/3/99), 737 So.2d 102. The distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis. Powell, supra.

Discussion
In granting partial summary judgment in favor of the hospital, the trial court carefully considered the varying aspects of the hospital's potential liability. As to the doctors other than Dr. Guillory, the court concluded that there was an absence of evidence suggesting that the hospital had any vicarious liability for them; these physicians apparently had hospital privileges but there was no indication that the hospital exerted any control over them. As a result, partial summary judgment was granted pertaining to the hospital's vicarious liability for these doctors. As to Dr. Guillory, the emergency room doctor, entirely different issues were presented. There was a significant question as to whether he was a hospital employee over whom the hospital maintained control or an independent contractor over whom it did not. The trial court concluded that there were issues of material fact as to his status. Accordingly, the court deemed summary judgment inappropriate as to Dr. Guillory.
As to the hospital's independent negligence, the trial court found that the plaintiffs had failed to support their allegations of negligence with expert testimony. Such evidence is generally necessary to prove a medical malpractice case.
After carefully reviewing the matter de novo, we reach the same conclusions as the trial court. Contrary to the plaintiffs' contention, it was appropriate to separately consider the potential liability of the hospital's ER physician and its non-physician employees, as they have entirely different standards. The nursing staff's standard of care is judged according to the locality rule. Williams v. Metro Home Health Care Agency, Inc., XXXX-XXXX (La.App. 4th Cir.5/8/02), 817 So.2d 1224. However, emergency room physicians are held to the standard of care of specialists in emergency care. Iseah v. E.A. Conway Memorial Hospital, 591 So.2d 767 (La.App. 2d Cir.1991), writ denied, 595 So.2d 657 (La.1992).
As to the hospital's independent liability, we have reviewed the evidence attached to the motion for partial summary judgment, including the deposition of the plaintiffs' expert, Dr. Harrison Lazarus, and those of the physicians who treated Mrs. Wright. This expert evidence fails to suggest negligence on the part of the hospital and its employees.
The remaining question as to the granting of partial summary judgment in this case is whether the doctors who were not served with the motion for summary judgment are bound by it and consequently precluded from raising the possible negligence of the hospital's non-physician employees as a defense. We find that they are so bound and that the partial summary judgment has removed this issue from further litigation. In so concluding, we note the following:
(1) there is no indication that the physicians, who did not file a third-party demand against the hospital, intend to present evidence of independent negligence of the hospital or its non-physician employees;

*216 (2) although there is no transcript, the minutes reflect that counsel for Drs. Jones, Price and Sarama was among the attorneys present on the day of the hearing for the motion for summary judgment;
(3) the judgment of the trial court granting summary judgment was served on all attorneys and none of the doctors filed for new trial or objected to the ruling; and
(4) the physicians were given notice of the writ application and all appellate deadlines but have not contested the ruling. As a party who had a right to intervene in the trial court, the physicians had a right to appeal the decision, if aggrieved. La. C.C.P. art.2086.
The summary judgment ruling binds all parties because they "had their day in court."[3]

DISCOVERY
As to the trial court's refusal to reopen discovery, the plaintiffs contend that granting the motion would have allowed them to develop evidence to eliminate the uncertainties and problems caused by the granting of partial summary judgment. The hospital argues that the trial court was well within its discretion in refusing to reopen discovery.
The trial court has broad discretion in ruling on pre-trial discovery, and an appellate court should not upset such a ruling absent an abuse of that discretion. Walker, Tooke & Lyons, L.L.P. v. Sapp, 37,966 (La.App.2d Cir.12/10/03), 862 So.2d 414, writ not considered, XXXX-XXXX (La.3/19/04), 869 So.2d 836.
The alleged malpractice occurred in 1994; the present suit was filed in 1999. Trial was scheduled for October 2003, at which time the parties should have been thoroughly prepared and ready to proceed. The trial was only continued until May 2004 due to a death in the family of one of the attorneys.
Given the length of time the present matter has been pending, we do not believe that the trial court abused its considerable discretion. Over the years, the plaintiffs have had ample time to develop their various claims, including those of negligence by non-physician employees.

CONCLUSION
We affirm the rulings of the trial court on the motion for partial summary judgment and on the discovery request. Costs are assessed against the applicants.
AFFIRMED.
NOTES
[1] By this time, Mrs. Wright's husband had died.
[2] At the time of Mrs. Wright's death, Dr. Louie Crook, the director of the emergency room at North Monroe Hospital, had a contract with the hospital to provide doctors to staff the emergency room. Dr. Crook was paid a contractual fee by the hospital, and he, in turn, paid ER physicians like Dr. Guillory.
[3] This summary judgment ruling means that no expert or lay opinion may be presented as to the hospital's negligence except as it relates to Dr. Guillory. Certainly, the acts of the hospital employees on that night may be relevant and admissible.