# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 20-5


**AMOS P. SIMON, ET AL.**

**VERSUS**

**ALLEN OAKS, LLC D/B/A ALLEN OAKS NURSING HOME**


********** 

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C-2018515
HONORABLE ERROL DAVID DESHOTELS,  JR., DISTRICT JUDGE

**********

**D, KENT SAVOIE**
**JUDGE**

**********

Court composed of, Judges Sylvia R. Cooks, D. Kent Savoie, and Candace G. Perret.


**AFFIRMED.**

**Rene' Joseph Pfefferle**
**Watson, Blanche, Wilson & Posner**
**P. O. Box 2995**
**Baton Rouge, LA 70821-2995**
**(225) 387-5511**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Allen Oaks, LLC d/b/a Allen OaksNursing & Rehab Center**

**Jacob B. Fusilier**
**Fusilier & Associates, LLC**
**P.O. Box 528**
**Ville Platte, LA 70586**
**(337) 363-6661**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
  **Tony Simon**
  **Charles Simon**
  **The Estate of Amos Simon**
  **Jackie Simon**
  **Amos P. Simon**

**Savoie, Judge.**

In this medical malpractice case, Plaintiffs, the Simons, appeal a summary judgment rendered in favor of a nursing home, Allen Oaks, and dismissing Plaintiffs' claims against it. Specifically, the trial court found that the affidavit of Plaintiffs' expert submitted in opposition to Allen Oaks's motion was "woefully inadequate" to create any genuine issues of material fact as it was merely conclusory. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2018, Plaintiffs, Amos Simon (Mr. Simon), Charles Simon, Jackie Simon, and Tony Simon, filed a petition against Allen Oaks. Therein, they alleged that Mr. Simon suffered from bed sores, his son had made a complaint to the Allen Oaks staff regarding Mr. Simon's bed sores, the staff failed to improve the care provided to Mr. Simon, the sores became infected, and eventually Mr. Simon's lower leg and foot had to be amputated. Plaintiffs' petition further alleges that Allen Oaks was negligent in allowing Mr. Simon's bed sores to go untreated, failing to properly treat the bed sores, failing to properly deliver elder care treatment, failing to properly supervise and train employees, and failing to monitor Mr. Simon's medical condition.

Plaintiffs amended their petition on January 15, 2019, to add the Estate of Amos Simon as a party to assert a survival action on behalf of Mr. Simon for pain and suffering prior to his death. Mr. Simon had previously passed away in December 2015.

Defendant Allen Oaks answered the petition on May 6, 2019, wherein it noted that a medical review panel had considered the matter pursuant to La.R.S.

40:1231.1 and had rendered a unanimous opinion on October 2, 2018, finding that Allen Oaks had not breached any standard of care.

Allen Oaks then filed a Motion for Summary Judgment on August 5, 2019, arguing that summary judgment dismissal was appropriate because Plaintiffs did not have any expert medical opinion that supported a finding of breach of the standard of care or that there was a causal connection between the alleged breach of care and Mr. Simon's alleged injuries and damages.

In support of its motion, Allen Oaks submitted the medical review panel's opinion dated October 8, 2018, along with an affidavit of Dr. Michael Burnell, who participated in the medical review panel and authenticated the opinion. The medical review panel's opinion states as follows:

> On February 19, 2013, the patient herein, Amos Simon, a seventy-nine (79) year old male, was admitted to the facilities of defendant, Allen Oaks Nursing & Rehabilitation Center. The patient was suffering from dementia, as well as diabetes and osteoarthritis. On admission, a care plan was developed which included physical, occupational, and speech therapy. Over two (2) years later, on July 22, 2015, the patient was noted to have a State II decubitus ulcer on his buttocks. Family and the physician were notified, and orders were issued for wound care. Almost a month later, on August 20, 2015, the patient was discharged from defendant's facility and transferred to the facilities of St. Francis Nursing and Rehabilitation Center. The patient did not return to defendant's facility, expiring on December 27, 2015.

> Claimants herein contend that defendant . . . breached the applicable standard of care in the following respects: allowing the patient's bed sores to go untreated; failing to properly treat the patient's bed sores; failing to properly deliver elder care treatment; failing to properly supervise its employees; failing to properly train its employees; and failing to monitor the patient's medical condition.

> After a careful review of all evidence submitted for our review, we find that the actions of the defendant herein . . . did not constitute a breach of the standard of care. The panel finds that it was the patient's preexisting co-morbidities, including chronic peripheral vascular disease, which were responsible for the development of the pressure sores. Nursing home personnel properly assessed the patient,

including attempting to adjust his nutrition and food intake, with limited success. Defendant's personnel timely identified the skin breakdown, notified the treating physician and family member, and initiated appropriate skin breakdown protocol in accord with physician orders. There is no evidence that the defendant's employees were improperly trained or supervised, nor do the records reflect that the patient was not monitored in a timely and appropriate manner. Given the patient's condition and decline, it was unlikely that any steps taken by any health care provider could have totally prevented the development of decubiti. The remaining allegations of breach by the claimants as against this defendant are not supported by the evidence, and in all respects, the care rendered by the nursing home personnel to the patient was appropriate.

In addition, Allen Oaks submitted in support of its Motion for Summary Judgment Plaintiffs' discovery responses dated July 17, 2019, which stated that Plaintiffs were not in possession of any supporting medical reports or expert opinions.

On October 7, 2019, Plaintiffs submitted an opposition to Allen Oaks' motion, and attached to its opposition a one-page affidavit of "Luanne Trahant – MSN, APRN, FNP-BC." The affidavit, which is dated October 2, 2019, states as follows:

1) I, Luanne Trahant, have been retained as an expert in nursing/patient care in a nursing home setting in this captioned matter;

2) Attached is my Curriculum Vitae and I have been accepted as an expert in a Court of Law in Louisiana before;

3) I have been given copies of records, photographs and reports from the department of health and hospitals related to Mr. Simon;

4) My preliminary opinion is that the facility staff failed to treat Mr. Simon within the proper standards of care and that this failure was the proximate cause of Mr. Simon's injuries;

5) I have not completed my final report as of yet;

6) I have not, nor will I render any opinion as to the physician's actions in this matter.

3

Allen Oaks filed a reply memorandum wherein it objected to Ms. Trahant's affidavit. It argued that the affidavit was merely conclusory and failed to meet the requirements of La.Code Civ.P. art. 967. It also argued that expert testimony is generally required to satisfy a medical malpractice plaintiff's burden of proving the applicable standard of care, the defendant's breach of that standard, and a causal connection between the breach and plaintiff's injuries. It further argued that affidavits that are devoid of underlying facts supporting a conclusion of an ultimate fact are not sufficient to defeat a summary judgment and that Ms. Trahant's affidavit fails to set forth any specific facts supporting her one sentence opinion.

A hearing on Allen Oaks's motion was held October 16, 2019. Thereafter, the trial court rendered a judgment on October 28, 2019, granting Allen Oaks's motion and dismissing Plaintiffs' claims. In its oral reasons for ruling, the trial court stated that Ms. Trahant's affidavit was "woefully inadequate," "strictly conclusionary [sic]," and did "not state any facts or reasons why [Ms. Trahant] disagrees with the Medical Review Panel concerning any of the negligence" alleged by Plaintiffs.

Plaintiffs appeal. In their sole assignment of error, they assert that "[t]he [t]rial [c]ourt committed manifest error by granting Defendant's Motion for Judgment against the Plaintiffs-Appellants."

## ANALYSIS

As this court stated in *Baez v. Hospital Service District No. 3 of Allen Parish,* 16-951, pp. 4-6 (La.App. 3 Cir. 4/5/17), 216 So.3d 98, 102-03:

> Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action .... and shall be construed to accomplish these ends." La.Code Civ.P. art 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a de novo standard

4

of review.  *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, *cert. denied*, — U.S. —, 135 S.Ct. 197 (2014).

The burden of proof is on the mover unless the mover will not bear the burden of proof at trial, in which case the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. La.Code Civ.P. art. 966(D)(1).  "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Jackson*, 144 So.3d at 882.

The applicable substantive law determines materiality, so we must examine the substantive law applicable to medical malpractice cases to determine whether a particular fact is in dispute. *Id.*

The requirements of establishing malpractice based on the negligence of a physician are found in La.R.S. 9:2794(A), which requires that a plaintiff establish: (1) the standard of care applicable to the doctor; (2) a violation by the doctor of that standard of care; and (3) a causal connection between the doctor's alleged negligence and the plaintiff's injuries.  The standard of care is generally that degree of knowledge or skill possessed or the degree of care ordinarily exercised by doctors licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances.  La.R.S. 9:2794(A)(1).  "However, emergency room physicians are held to the standard of care of specialists in emergency care."  *Wright v. HCA Health Servs. of Louisiana*, 38,427, p. 7 (La.App. 2 Cir. 6/23/04), 877 So.2d 211, 215.

"The plaintiff in a medical malpractice suit against a hospital has a burden of showing that the hospital personnel negligently departed from the recognized standard of care afforded by hospitals in the area for the particular malady involved." *Jones v. Rapides Gen. Hosp.*, 598 So.2d 619, 621-22 (La.App. 3 Cir. 1992); *Miller v. Tulane Univ. Hosp.*, 09-1740 (La.App. 4 Cir. 5/12/10), 38 So.3d 1142.

Expert testimony is required to establish the standard of care of both the physician and hospital in a medical malpractice action, unless the negligence complained of is so obvious that a layperson can infer the negligence without the aid of expert testimony. *Pfiffner v. Correa*, 94-992 (La. 10/17/94), 643 So.2d 1228; *Miller*, 38 So.3d 1142.

On appeal, Plaintiffs argue that an expert's opinion testimony presented in the form of an affidavit may be considered in opposition to a motion for summary judgment. Therefore, according to Plaintiffs, Ms. Trahant's opinion set forth in her affidavit requires the court to weigh her opinion with that of the medical review panel's, thereby making summary judgment inappropriate. Allen Oaks, however, argues that because Ms. Trahant's affidavit is devoid of any specific underlying facts that support her one-sentence opinion, it is not sufficient to defeat its motion for summary judgment.

We first note that Allen Oaks, as the defendant-mover in this case, sufficiently satisfied its burden of establishing an absence of factual support for one or more of the elements necessary to Plaintiffs' medical malpractice claim. The medical review panel's thorough opinion and supporting affidavit sets forth specific facts upon which the panel concluded that the evidence did not support a finding that Allen Oaks failed to comply with the appropriate standard of care as alleged in Plaintiffs' petition. In addition, Allen Oaks' pointed out the lack of factual support in the record establishing that any breach in the standard of care caused any alleged injuries to Mr. Simon. Plaintiffs' discovery responses suggest

they were not in possession of any medical records or expert opinions that support their claim.

Given the lack of factual support in the record to support one or more elements of Plaintiffs' claim, the burden then shifted to Plaintiffs to produce "*factual support* sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled judgment as a matter of law." La.Code Civ.P. art. 966(D)(1) (emphasis added). Plaintiffs submitted only the affidavit of Ms. Trahant in opposition to Allen Oaks' motion.

In *Kinch v. Our Lady of Lourdes Regional Medical Center*, 15-603 (La.App. 3 Cir. 12/9/15), 181 So.3d 900, this court concluded that an expert medical provider's conclusory affidavit submitted in a medical malpractice case was insufficient to defeat summary judgment. The plaintiff in *Kinch* alleged that the emergency department physician's failure to diagnose and treat an infection resulted in damages. The defendants moved for summary judgment arguing that the plaintiff did not have sufficient expert testimony to establish that defendants breached their standard of care and caused injury to the plaintiff. The plaintiff then retained an expert medical provider prior to the summary judgment hearing, and the expert submitted an affidavit and report opining that the lack of care rendered to plaintiff was a breach in the standard of care and that the breach caused increased morbidity. This court concluded that the expert's affidavit and report were:

> insufficient to produce factual support to establish that [the plaintiff] will be able to satisfy his evidentiary burden of proof at trial. [The expert's] affidavit is conclusory in that it merely states that [the defendant] breached the standard of care and fails to specifically address causation. *See Tillman v. Eldridge*, 44,460, p. 15 (La.App. 2 Cir. 7/15/09), 17 So.3d 69, 79 ("[An] affidavit that is merely conclusory is insufficient to serve as evidence; affidavits that are

7

devoid of specific underlying facts to support a conclusion of ultimate 'fact' are not considered legally sufficient to defeat summary judgment.")

. . . .

Further, we find that [the expert's] report is speculative such that it is insufficient to satisfy [the plaintiff's] burden of proof. *See Foster v. Patwardhan*, 48,575, 48,712 (La.App. 2 Cir. 1/22/14), 132 So.3d 495, *writ denied*, 14-614 (La. 4/25/14), 138 So.3d 1233. Mere speculation will not defeat a motion for summary judgment, and conclusory allegations, improbable inferences, and unsupported speculation are insufficient to support a finding that a genuine issue of material fact exists. *Scott v. City of Shreveport*, 49,944 (La.App. 2 Cir. 6/24/15), 169 So.3d 770. . . . Finally, [the expert] asserts that [the defendant's] failure to prescribe antibiotics "certainly did cause increased morbidity, although the extent of which it contributed to this is indeterminate." We observe that [the expert] offers no objective basis for this opinion[.]

*Kinch,* 181 So.3d at 905-06.

Similarly, in *Baez*, 216 So.3d 98, the defendants filed a motion for summary judgment seeking dismissal of the plaintiff's medical malpractice claim filed on behalf of Mr. Baez, who was deceased. In opposition, the plaintiff submitted the affidavit of an expert medical provider. This court concluded the affidavit was insufficient to defeat summary judgment because "[w]hile [the expert] alleges that [the defendants] violated the standard of care in treating Mr. Baez, she never specifically relates how these violations caused Mr. Baez's death." *Id.* at 104.

We agree with the trial court in the instant case that Ms. Trahant's affidavit was "woefully insufficient" to defeat summary judgment. It is speculative and conclusory, and it is devoid of any underlying and supporting facts regarding a standard of care that was allegedly breached, actions or inactions on the part of Allen Oaks that were in breach of any such standard of care, or how any such breach caused any alleged injury to Mr. Simon. Therefore, we find no error in the trial court's summary judgment dismissal of Plaintiffs' case.

## DECREE

For the reasons stated above, we affirm the trial court's ruling granting Allen Oaks' Motion for Summary Judgment and dismissal of Plaintiffs' claims. Costs of this appeal are assessed to Plaintiffs.

**AFFIRMED.**