421 So.2d 271 (1982)
Clara J. Suhor, Wife of/and Robert G. SUHOR
v.
Ignacio MEDINA, Jr., M.D., Mercy Hospital, et al.
No. 13144.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
Rehearing Denied November 19, 1982.
*272 Barbara Ziv Greenbaum, Castano & Greenbaum, New Orleans, for plaintiffs-appellants.
George E. Cain, Lemle, Kelleher, Kohlmeyer & Matthews, New Orleans, for defendants-appellees.
Before BARRY, BYRNES and CIACCIO, JJ.
BARRY, Judge.
This is a medical malpractice suit wherein recovery is sought against a hospital due to the alleged negligence of the Emergency Room physician. Plaintiffs appeal a summary judgment which is based upon a written contract that specified the physician was an independent contractor and the hospital did not have supervisory control over him.
On November 27, 1979 the plaintiff wife was treated in the Emergency Room of Mercy Hospital by Dr. Norman J. Robinson. Plaintiffs claim malpractice by Dr. Robinson and sued the hospital urging vicarious liability under the doctrine of respondeat superior. In support of the hospital's motion for summary judgment it filed an affidavit by the administrator which stated that Dr. Robinson "is not and never has been the agent or employee of the Hospital and the Hospital has never had authority to oversee or supervise the exercising of professional medical judgments of the emergency room physicians." The hospital submitted a copy of its employment contract with Dr. Robinson which specifies the physician is an independent contractor.
Plaintiffs' opposition to the summary judgment motion is centered on Dr. Robinson's deposition and various hospital documents secured by discovery.
The hospital relies upon this court's holding in Badeaux v. East Jefferson Hospital, 364 So.2d 1348 (La.App. 4th Cir.1978), a similar malpractice suit against an Emergency Room physician for whom the hospital was allegedly vicariously liable. In Badeaux, as here, the hospital argued the physician was an independent contractor based upon its administrator's affidavit attesting to the hospital's lack of supervision over the physician's exercise of independent medical judgment. However, unlike this case, the plaintiff in Badeaux failed to file countervailing affidavits or any documents and the court concluded, as a matter of law, that plaintiff could not rely solely on the allegations of his petition (see LSA-C.C.P. Art. 967) and summary judgment was therefore appropriate. We also note that the defendant physician in Badeaux was an employee of a medical corporation with which the hospital had contracted for medical services, a fact clearly distinguishable from Dr. Robinson's relationship with Mercy Hospital.
The hospital's reliance on Badeaux as to the appropriateness of summary judgment is misplaced. The administrator's affidavit presents ultimate or conclusory facts and conclusions of law which cannot be *273 utilized on a summary judgment motion. Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982). Our appreciation of the employment contract and the facts contained in Dr. Robinson's deposition does not present any basis which would support summary judgment in favor of the hospital; the lower court judgment to the contrary is clearly wrong.
Dr. Robinson's contract with Mercy Hospital designates him as "Co-Director" of the Emergency Room Department and requires that he "stand ready and available on a physician-on-duty and a physician-on-call basis" to perform emergency room services. Consultations are restricted to patients' personal physicians and those approved by the hospital. Significantly, Dr. Robinson and three other physicians "shall constitute full-time physician staffing of the [Emergency] Department" insuring twenty-four hours per day coverage. Also, Dr. Robinson "shall be physically present in the Hospital" while on duty "until relieved by the next regularly scheduled or on-call physician." Dr. Robinson is paid monthly based upon a set annual salary. All fees for his services are billed, collected and retained in full by the hospital. The contract prohibits Dr. Robinson from "engaging in the private practice of medicine" and characterizes his status "as a full-time, accredited, licensed and qualified physician staffing the Emergency Department."
All of Dr. Robinson's services are rendered on the hospital premises wherein he is furnished (at hospital expense) physical facilities, equipment, supplies and support personnel.
The Constitution and Bylaws of the hospital medical staff provides for an Emergency Room Committee of three physician personnel of the Emergency Room. The Emergency Room Committee also implements policies governing the care of patients in the Emergency Room. According to the hospital's Policy Book the Emergency Room functions under the Department of Administration.
Dr. Robinson's professional activities are subject to compliance with the Emergency Department's Policy and Procedural Manual which is promulgated by the hospital and binding upon all staff physicians. The manual comprises approximately 80 pages of detailed medical and procedural directives for treatment of virtually every type of medical emergency.
"Masters and employers are answerable for damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." LSA-C.C. Art. 2320.
The definition of an employee is set forth in LSA-C.C. Art. 163:
Free servants are in general all free persons who let, hire, or engage their services to another in this state, to be employed therein at any work, commerce or occupation whatever for the benefit of him who has contracted with them, for a certain price or retribution or upon certain conditions.
We are cognizant that in evaluating the sufficiency of proof relating to employment, courts have been mindful that, by its nature, vicarious liability mandates strict construction. Roberts v. State of Louisiana, Through the Louisiana Health, etc., 404 So.2d 1221 (La.1981). In Roberts our Supreme Court said the single most important factor to consider in deciding whether the employer-employee relationship exists for the purpose of Article 2320 is the right of the employer to control the work of the employee, citing Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968) which stated:
It is the right of control of the time and physical activities in the other party and the existence of a close relationship between the parties which determine that one is a servant.
In a well-reasoned discussion of the distinction between an agent and servant, Justice Barham wrote:
"Servant" must be interpreted as that particular kind of agent who has a very close economic relation to, and is subject to very close control by, the principal. A servant is one who offers his personal services for a price. He is an integral *274 part of his employer's business and must submit to the control of his physical conduct as well as of his time. A non-servant agent contributes to the business of his employer, but he is not such a part of it that his physical acts in the time to be devoted to the business are subject to control. Blanchard v. Ogima, supra, 215 So.2d at pp. 906. (Emphasis in original).
In summary, Dr. Robinson works full time and exclusively for Mercy Hospital, must be present while "on duty", is paid a contractual, set salary but does not receive any patients' billings collected by the hospital. Dr. Robinson has no expenses to pay, works according to a pre-determined schedule, has administrative responsibilities over hospital personnel, and must perform emergency services "to all who present themselves" and to in-patients when needed.
The hospital argues that social security is not withheld from Dr. Robinson's salary (which saves the employer money) and points to the requirement that Dr. Robinson maintain malpractice insurance (another employer savings). Neither contention is persuasive.
Finally, the hospital strongly contends it has no liability or responsibility as an employer because it did not exercise control over Dr. Robinson's professional medical judgments. We disagree. We conclude the facts in this particular case are overwhelming and leave no doubt that Mercy Hospital controls the working time and physical activities of Dr. Robinson. The employment contract relied upon by the hospital spotlights the extremely close relationship between the parties. This physician has offered his personal services for a stipulated sum and is voluntarily subject to supervision and various administrative controls. Dr. Robinson is an integral part of the hospital's business and his close, personal economic relationship is obvious. The hospital's and physician's self-serving designation of "independent contractor" is a transparent shield designed solely to circumvent the law. The totality of these facts mandates that Dr. Robinson be categorized as an employee of Mercy Hospital which is answerable for any damages which occur in the exercise of his functions.
It is generally recognized, and we hold, that where a physician is the employee of a hospital sued by a patient for particular injuries negligently inflicted in the course of the patient's treatment, the hospital may be held liable for injuries sustained by the patient under the doctrine of respondeat superior. Wells v. Woman's Hospital Foundation, 286 So.2d 439 (La.App. 1st Cir. 1973) writ refused 288 So.2d 646.
Accordingly, the district court's summary judgment in favor of Mercy Hospital of New Orleans is reversed and set aside and this case is remanded for further proceedings according to law and consistent with the views expressed herein.
REVERSED AND REMANDED.

ON APPLICATION FOR REHEARING
Mercy Hospital's application for rehearing states that this Court "apparently" held that Dr. Robinson was a hospital employee, then concludes with the request that we vacate our finding that Dr. Robinson was a hospital employee.
We said: "The totality of these facts mandates that Dr. Robinson be categorized as an employee of Mercy Hospital ...." (emphasis added). Summary judgment was reversed and the case remanded.
Nowhere does the opinion exclude evidence at trial on the doctor's employment status. We merely pointed out that the hospital administrator's affidavit and the doctor's deposition were self-serving and a transparent effort to circumvent liability. Based on the record that conclusion is clearly reasonable.
This Court never granted a summary judgment against the hospital. The application for rehearing is denied.