UPAN BERNARD ARMSTRONG, Judge.
This is an appeal from a summary judgment for one of the defendants in a nursing malpractice case. The basis of the summary judgment was an “independent contractor” defense. Because we find that genuine issues of material fact exist as to whether the nurse involved was an independent contractor, we must reverse the summary judgment and remand for further proceedings.
Plaintiff Robert Murray had a morphine pump implanted in his body which dispensed morphine for pain. He hired Family Services, Inc. d/b/a Optioncare (“Op-tioncare”) to adjust and refill of the pump as necessary. Gala Rusich, a registered nurse hired by Optioncare, was assigned by Optioncare to adjust and refill Mr. Murray’s pump. Typically, she would go to Mr. Murray’s home to perform this work. Nurse Rusich also worked for a neurologist at Ochsner Hospital and her work for Optioncare was part-time.
On one occasion, when Nurse Rusich needed to refill Mr. Murray’s pump, she had him taken to the hospital so she could do the refill using fluoroscopy. An Option-care pharmacist also was in attendance for the pump refilling. Nurse Rusich had to refill the pump by use of an injection into a portal of the pump.
Mr. Murray suffered an overdose. He alleges that he suffered the overdose' | ^because Nurse Rusich missed the pump’s portal and injected the morphine into his body. Mr. Murray filed suit against both Nurse Rusich and Optioncare. With respect to Optioncare, he alleged that Nurse Rusich was an employee of Optioncare and, therefore, Optioncare would be vicariously hable for the alleged negligence of Nurse Rusich.
Optioncare denies that Nurse Ru-sich was its employee and alleges that, instead, she was an independent contractor so that Optioncare has no vicarious liability for any negligence of Nurse Rusich. Op-tioncare filed a motion for summary judgment, which was granted, based upon this “independent contractor” defense. Mr. Murray then brought the present appeal. (The judgment of the trial court was properly certified as final for purposes of an immediate appeal.)
A summary judgment may be granted properly only if the affidavits and/or discovery materials submitted show that there is no genuine issue of material fact. La.Code Civ. Proc. art. 966. A summary judgment is reviewed de novo on appeal. E.g., Smith v. Our Lady of the Lake Hospital, 93-3512 (La.7/5/94), 639 So.2d 730.
Optioncare argues that Nurse Rusich was an independent contractor because it gave Nurse Rusich a Form 1099 rather than a Form W-2, because it paid her out of its operations account rather than its payroll account, because it paid Nurse Ru-sich per visit rather than paying her a salary and because it gave her no paid vacation. However, while all of these facts are consistent with Optioncare’s theory that Nurse Rusich was an independent contractor, they are not necessarily determinative.
Instead, the single most important factor in determining whether there is an employment relationship versus an independent contractor relationship is the right of the employer to control the work of the employee. E.g., Roberts v. State of Louisiana, 404 So.2d 1221 (La.1981); Suhor v. Medina, 421 So.2d 271, 273 (La.App. 4th Cir.1982). In the present case, Nurse Ru-sich testified in her deposition, the transcript of which was filed in connection with the motion for summary judgment, to the effect that Optioncare did have the right to *1205 control her work. It is not entirely clear how much Optioncare actually exercised its right to control Nurse Rusich’s work and Optioncare cites some testimony by her to the effect that Optioncare did not actually exercise much control over various aspects of her work. However, it is the right of the employer to exercise such control, regardless of the actual exercise thereof, which is most important. Id.
Based upon the summary judgment record, particularly the transcript of Nurse Rusich’s deposition, we must conclude that there is a genuine issue of fact as to whether Nurse Rusich was an employee or an independent contractor of Optioncare. Accordingly, we must reverse the summary judgment and remand for further proceedings.
REVERSED AND REMANDED.