921 So.2d 1017 (2005)
Mary JONES, Individually and as Survivor of Lawrence Jones
v.
David P. ANGELETTE, M.D., Van Meter, M.D. & Associates, and Keith Van Meter & Associates.
No. 2005-CA-0597.
Court of Appeal of Louisiana, Fourth Circuit.
December 21, 2005.
*1018 Joseph F. Bishop, Jr., S.C. Garcia, III, Garcia & Bishop, Metairie, LA, for Plaintiff/Appellant.
Nicole M. Duarte, Lemle & Kelleher, L.L.P., New Orleans, LA and Larry D. Weiss, Alexandra L. Kelly, Van Meter & Associates, Inc., Harvey, LA, for Defendant/Appellee.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Plaintiff, Mary Jones, individually and as survivor of Lawrence Jones, ("Ms. Jones"), appeals the trial court's granting of a motion for summary judgment in favor of defendant, Van Meter & Associates, A.P.M.C. ("Van Meter"). For the reasons assigned, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY:
After the death of her husband, Lawrence Jones ("Mr.Jones"), Ms. Jones filed a complaint of medical malpractice, alleging that Dr. David P. Angelette ("Dr. Angelette") breached the standard of care by failing to diagnose Mr. Jones' cardiac condition at the Terrebonne General Medical Center ("TGMC") Emergency Room on April 20, 2000. On July 30, 2002, a medical review panel rendered an opinion in favor of Dr. Angelette. Subsequent to that ruling, Ms. Jones filed the instant action against Dr. Angelette, and included Van Meter (incorrectly referred to as "Van Meter, M.D. & Associates" and as "Keith Van Meter & Associates") as a new party defendant. Ms. Jones' petition alleged that Van Meter, the entity responsible for providing physicians to staff the TGMC emergency room, was liable for the actions of Dr. Angelette under the doctrine of respondeat superior and that Van Meter *1019 was liable for the negligent hiring, supervision, and/or training of Dr. Angelette.
On May 21, 2001, Van Meter moved for summary judgment on two grounds. First, Van Meter was not liable for the actions of Dr. Angelette because Dr. Angelette was an independent contractor rather than an employee of Van Meter. Second, Van Meter was not liable for the negligent hiring, supervision, and/or training of Dr. Angelette because: (1) Van Meter was not Dr. Angelette's employer; (2) any duty to check Dr. Angelette's qualifications, supervise, and or train Dr. Angelette rested with TGMC, and (3) even if Van Meter had a duty to verify the credentials of Dr. Angelette, Van Meter fully complied with that duty.
In support of the motion for summary judgment, Van Meter presented the affidavit of Sylvia M. Cusimano (Ms. Cusimano), the Practice Manager for Van Meter. Ms. Cusimano stated: (1) she personally reviewed Dr. Angelette's credentials and found them to be impeccable; and (2) all physicians, including Dr. Angelette, contracted with Van Meter to work as independent contractors through a contract with Van Meter to provide services at a facility where Van Meter had a contract. Also in support of the motion for summary judgment, Van Meter submitted a sample of their contract with the physician and Dr. Angelette's credentials.
In opposition to the motion for summary judgment, Ms. Jones argued that material issues of fact existed regarding Dr. Angelette's employment status with Van Meter. More particularly, Ms. Jones asserted that Van Meter controlled Dr. Angelette's work schedule, physical activities and compensation while at TGMC. In connection with this assertion, Jones relied on the contract between Van Meter and TGMC and the contract between Dr. Angelette and Van Meter to show that Van Meter exercised control over Dr. Angelette as an employer.
The matter was heard on January 21, 2005. On February 1, 2005, the trial court granted Van Meter's motion for summary judgment. This timely appeal followed.

STANDARD OF REVIEW:
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. "Favored in Louisiana, the summary judgment procedure `is designed to secure the just, speedy, and inexpensive determination of every action' and shall be construed to accomplish these ends." King v. Parish National Bank, 04-0337 (La.10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966(A)(2)).
Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B); Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002, 1005. The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. La. C.C.P. art. 966 C(2). Hutchinson v. Knights of Columbus, Council No. 5747, 03-1533 (La.2/20/04), 866 So.2d 228, 233; citing Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, 609-610.

*1020 DISCUSSION:

The sole issue on appeal is whether the trial court erred in granting summary judgment in favor of Van Meter on the ground that Van Meter was not Dr. Angelette's employer and, therefore, not vicariously liable for Dr. Angelette's alleged acts of negligence.
In determining whether a physician is an employee or an independent contractor of a hospital, our courts have held that the factual issue turns on the control exercised by the hospital over the physician's activities. Hastings v. Baton Rouge General Hospital, 498 So.2d 713 (La.1986); Suhor v. Medina, 421 So.2d 271 (La.App. 4 Cir.1982). It is well established that the single most important factor for determining whether an employer-employee relationship exists is the right of the employer to control the work of the employee. Roberts v. State of Louisiana, 404 So.2d 1221, 1225 (La.1981); Medical Review Panel Proceedings for Claim of Tinoco v. Meadowcrest, 03-0272, p. 8 (La.App. 4 Cir. 9/17/03), 858 So.2d 99, 105. Therefore, we must determine whether Van Meter had the right to control Dr. Angelette's work.
The existence of an independent contractor agreement is not necessarily dispositive of the issue of whether a doctor is an independent contractor, as opposed to an employee of a hospital, and courts will inquire as to the real nature of the relationship and the degree of control exercised or ability of control by the hospital over the doctor's activities. Stroder v. Horowitz, 34,048 (La.App. 2 Cir. 12/20/00), 775 So.2d 1175, 1181.
In Prater v. Porter, 98-1481 (La.App. 3 Cir.1999), 737 So.2d 102, as in the present case, the Third Circuit Court of Appeal addressed the issue of vicarious liability of a staffing agency (similar to Van Meter) for the actions of an emergency room physician. In upholding the summary judgment granted in favor of the staffing agency, the Prater court stated: "The right of control is the single most important factor considered in determining employer/employee status." Id. at p. 8, 737 So.2d at 106. In making that determination, the court examined the contract between the staffing agency and physician, entitled "Independent Contractor Physician Agreement," as well as the contract between the hospital and staffing agency. The contracts showed the following: (1) the staffing agency provided the number of hours the physician would work, the hourly fee to be paid to the physician, the term length of the agreement, and the manner in which the agreement might be terminated; (2) the staffing agency provided malpractice insurance for the physician; (3) the hospital provided everything else, including support staff, space, equipment, and supplies required to operate the emergency room; (4) the physician agreed to abide by the hospital's rules; (5) the hospital billed the patients and paid the staffing agency a certain amount per hour for the service provided by the physician; (5) the physician was designated as an independent contractor with the staffing agency exercising no control over the physician; and (6) the physician's services and the manner of providing them are under the supervision of the hospital. Relying on the contract provisions, the appellate court in Prater concluded that it was obvious that the emergency room physician was under the control and supervision of the hospital, not the staffing agency. Id.
In the present case, after our de novo review of the record, we find no error on the part of the trial court in granting summary judgment in favor of Van Meter. At the outset, we note that the contract between Van Meter and Dr. Angelette and the contract between Van Meter and TGMC are similar to the contracts found in Prater. Van Meter was responsible for the hiring, work schedule, compensation, *1021 and malpractice insurance for Dr. Angelette. However, it is clear that Van Meter exercised no control relating to the manner and means in which Dr. Angelette performed his professional medical services while working at the TGMC emergency room. Accordingly, we agree with the trial court's finding that Van Meter was not vicariously liable for the actions of Dr. Angelette.
For the foregoing reasons, the summary judgment granted in favor of Van Meter is affirmed.
AFFIRMED.