DREW, J.
|, Monroe Surgical Hospital (“MSH”) applied for a supervisory writ with this court after its exception of prescription was denied. The writ was granted and the matter was docketed as an appeal.
Finding that the three-year prescriptive period in La. C.C. art. 3494 applies in this matter, we reverse the judgment denying MSH’s exception of prescription.
FACTS
Dr. Claude Minor, a general surgeon, was an investor and founding manager of MSH when it began operations in June of 2002. Dr. Minor began serving as the medical director of MSH at that time, partly because it was felt that with his significant investment, he would work hard *667 to advance MSH. A professional services agreement (“agreement”) set forth the obligations of each party in their respective capacities. As medical director, Dr. Minor was to be paid a fee of $150 per hour for administrative services, up to a maximum of $60,000 per year. The agreement required Dr. Minor to document fully all services provided in his capacity as medical director on a monthly basis before he was to receive payment for his services. The agreement stated that it did not establish an employer-employee, principal-agent or partnership relationship.
According to Dr. Minor, the agreement was amended verbally to provide that he would receive $5,000 each month without having to give an account of the services he provided each month. Dr.- Minor claimed the change was made because he was working more hours per month than the $5,000 would cover, and MSH was having financial problems at the time. 12Pr. Minor stated that the amount of time required for him to perform his duties as medical director far exceeded what was originally envisioned in the agreement. Dr. Minor believed that he would not have worked so many hours as medical director for that level pay had he not been an investor for MSH.
In a letter dated October 14, 2008, Dr. Minor was informed by MSH’s CEO that he was being given 30 days’ notice of termination because MSH was discontinuing the position of medical director.
On November 26, 2012, Dr. Minor wrote a letter to MSH’s CEO in which he explained that for many years he had foregone the collection of the full extent of his fees as medical director because of MSH’s financial condition. Dr. Minor demanded that he receive payment for $195,000 in back-due fees. The CEO responded that MSH found no basis for his claim.
Minor filed suit against MSH on July 29, 2013. He averred that he agreed to forgo payment for services because of ■ MSH’s financial condition, and that MSH acknowledged its obligation to compensate him. He stated that he received checks in the amounts of $15,000 and $25,000 shortly before he stepped down in 2008 in payment for past compensation that he was owed. Dr: Minor claimed that he was entitled to $210,000 for the compensation that remained unpaid.
Filing the peremptory exception of prescription, MSH asserted that the three-year prescriptive period found in La. C.C. art. 3494 applied to Dr. Minor’s claims, which were prescribed on the face of his petition. Dr. [¡¡Minor countered that the 10-year prescriptive period in La. C.C. art. 3499 applied.
The exception of prescription was denied by the trial court, which remarked at the hearing on the exception that the relationship between Dr. Minor and MSH was more akin to a joint venture, although Dr. Minor’s compensation did not depend on MSH’s profitability. MSH applied for a supervisory writ with this court, which granted the writ and docketed the case on the appellate calendar.
DISCUSSION
The general period of prescription for a personal action is found in La. C.C. art. 3499, which states that unless otherwise provided by law, a personal action is subject to a liberative prescription of 10 years.
La. C.C. art. 3494, which serves as an exception to art. 3499, provides that a liberative prescription of three years applies to “[a]n action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, *668 freight, passage, money, lodging, and board.”
The-three-year prescriptive period commences to run from the day payment is exigible, and it accrues as to past due payments even if there is a continuation of labor, supplies, or other services. La. C.C. art. 3495.
As a general rule, prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. Quinn v. Louisiana Citizens Property Ins. Corp., 2012-0152 (La.11/2/12), 118 So.3d 1011.
The distinction between arts. 3494 and 3499 was discussed at length by the supreme court in Grabert v. Iberia Parish School Bd., 1993-2715 (La.7/5/94), 638 So.2d 645, where the plaintiffs filed suit alleging that the defendant school board breached their employment contracts by paying them less than they should have received under a salary index. The school board contended that the action was prescribed under La. C.C. art. 3494. The supreme court agreed with the school board, stating:
Plaintiffs, and the court of appeal, would have us believe that article 3494’s three year prescriptive period for past wages is not applicable here because their action for breach of contract is distinguishable from a claim for past due wages.
The answer appears to be simple enough. A petition claiming breach of contract by the payment of wages less than what is due and seeking judgment for the underpaid wages is clearly a cause of action asserting the right to recover unpaid wages. Breach of contract is not a free standing cause of action. It is a legal premise, or principle, which gives rise to the right to claim some substantive remedy at law. Here that remedy is the recovery of past due wages.
The actions are plainly for salary or wages past due under the allegedly appropriate salary index. The three-year prescription provided for in article 3494 is directly and explicitly applicable. The nature of the claim (for underpaid wages) is not something different because it arises out of breach of contract. The contract breached made provisions for the very wages sought.
This petition to recover underpaid “compensation for services rendered” is admittedly a personal action as defined by Louisiana Civil Code of Procedure article 422. However, the ten year prescriptive period set forth in article 3499, is only applicable to personal actions “unless otherwise provided for by legislation.” La. Civ. Code art. 3499 (West 1994). The prescriptive period for the instant consolidated suits for the recovery of underpaid wages is otherwise provided for in | Barticle 3494, for that article, as earlier indicated, provides a three year prescriptive period for personal actions seeking “compensation for services rendered.”
Starns v. Emmons, 538 So.2d 275 (La. 1989), is a case which, by analogy, supports our decision in this case. In that case there was a demand for rent ar-rearages in a petition alleging a breach of contract. Plaintiffs argued that “the inclusion of a demand for rent arrearage in a petition alleging breach of contract does not give the suit the character of an action to recover rent” and further, “because the entire action sounds in contract, the ten-year period of article 3499, not the three year prescription of article 3494, should apply.” Id. at 277-78. This Court dismissed plaintiffs argument reasoning that all actions covered by article 3494 are grounded in contractual relationships. Id. “Article 3494 *669 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years.”
In the instant case, the Plaintiffs’ consolidated suits are simply actions to recover past due salaries in accordance with the appropriate salary index. Although Plaintiffs urge that their claims deal exclusively with interpreting their rights under their respective employment contracts this argument is unpersuasive as virtually all claims for wages arise out of breach of a contract, oral or written, to pay wages for services rendered. Accordingly, the employer’s failure to pay the full and proper compensation for services provided gives rise to an action for breach of contract for which the remedy is recovery of wages.
638 So.2d at 646-7 (footnotes omitted).
Dr. Minor argues that while a general claim for the recovery of compensation of services would often be governed by art. 3494, the agreement with MSH encompasses much more than a claim for salary, wages, commissions, and professional fees. He further argues that the agreement contains multiple provisions which have nothing to do with compensation for services, but which relate to personal obligations between Dr. Minor and MSH.
16Pr. Minor’s argument is misplaced. His lawsuit was filed to recover compensation for services he provided as medical director. He did not sue to enforce any other obligation of MSH under the agreement, such as the one requiring MSH to provide office space and support staff if necessary.
Dr. Minor further contends that the nature of his responsibilities is difficult to determine from the agreement, and that the agreement encompasses more than compensation for services. The agreement, however, stated that it did not establish an employer-employee, principal-agent or partnership relationship. The trial court believed it was akin to a joint-venture, although Dr. Minor’s pay was not dependent or linked to any profit made by MSH. Dr. Minor offers that the agreement established a hybrid relationship that cannot be governed by art. 3494.
Dr. Minor’s argument is not persuasive. We note that because the essential elements of a joint venture and a partnership are the same, joint ventures are generally governed by partnership law. See Dhaliwal v. Dhaliwal, 48,034 (La. App.2d Cir.9/11/13), 124 So.3d 470, writ denied, 2013-2931 (La.2/21/14), 134 So.3d 1165. The agreement states that it did not establish a partnership. Furthermore, regardless of the denomination given to the relationship between MSH and Dr. Minor as medical director, the agreement obligated MSH to pay a fee to Dr. Minor in return for services he provided to MSH in his capacity as medical director. MSH allegedly failed to fulfill its obligation by paying only part of the compensation to which Dr. Minor was entitled. Dr. Minor sued to enforce that obligation and to recover the unpaid compensation.
17When determining the applicable prescriptive period, courts are guided by the well-settled principle that “[t]he character of an action disclosed in the pleadings determines the prescriptive period applicable to that action.” Parry v. Administrators of Tulane Educ. Fund, 2002-0382 (La.App. 4th Cir.9/4/02), 828 So.2d 30, writ denied, 2002-2478 (La.12/19/02), 833 So.2d 346, citing Starns v. Emmons, 538 So.2d 275, 277 (La.1989). Accordingly, Dr. Minor’s claim to recover unpaid compensation is subject to the three-year prescriptive period found in La. C.C. art. 3494.
*670 The party raising the exception of prescription ordinarily bears the burden of proof at the trial of the peremptory exception. Spoil v. Otis Elevator Co., 601 So.2d 1355 (La.1992). However, when prescription is evident from the face of the pleadings, the plaintiff bears the burden of showing the action has not prescribed. Id.
Prescription was evident on the face of Dr. Minor’s petition. He served as medical director until 2008, and suit was not filed until nearly five years later on July 29, 2013. Dr. Minor did not meet his burden of showing that his claim had not prescribed. Accordingly, the trial court erred in denying the exception of prescription.[1]
DECREE
At Dr. Minor’s cost, the judgment is REVERSED, the exception of prescription is GRANTED, and the case is DISMISSED.

. When evidence is introduced at the hearing on the peremptory exception of prescription, the district court’s findings of fact are reviewed under the manifest error-clearly wrong standard of review. Carter v. Haygood, 2004-0646 (La. 1/19/05), 892 So.2d 1261. The trial court heard testimony from Dr. Minor and accepted the agreement into evidence at the hearing on the exception. Nonetheless, at issue was the legal error made by the trial court when determining the applicable prescriptive period.